UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
WILLIAM WOODARD, Individually and
on Behalf of All Other Persons Similarly Situated,

                           Plaintiffs,

      -against-

FEDEX CORP.

                          Defendant.
----------------------------------------------------------------X

**JUDGE WOOD**

**06 CV 3528**

CIVIL ACTION

COMPLAINT AND JURY DEMAND

RECEIVED
MAY 1 0 2006
U.S.D.C. S.D. N.Y.
CASHIERS

## NATURE OF THE ACTION

    1.    Plaintiff alleges on behalf of himself and other similarly situated current and former employees of the Defendant who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendant for work performed which they did not receive any compensation as well as overtime work for which they did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

    2.    Plaintiff further complains on behalf of himself, and a class of other similarly situated current and former employees of the Defendant, pursuant to Fed.R.Civ.P. 23, that they are entitled to unpaid wages from Defendant for work performed which they did not receive any compensation for as well as for overtime work for which they did not receive overtime premium pay as required by the Pennsylvania Minimum Wage Act, 43 P.S. §333.101 – 333.115 ("PMWA") and the Pennsylvania Wage Payment and Collection Law, 43 P.S.§260.1 et seq. ("PWPCL") and the Pennsylvania Department of Labor Regulations.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in this district pursuant to 28 U.S.C. §1391.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6. Plaintiff, William Woodard was, at all relevant times, an adult individual, residing in Tobyhanna, Pennsylvania.

7. Upon information and belief, Defendant FedEx Corp. ("FedEx") is a Delaware corporation, and is the world's largest express transportation company and operates numerous facilities in the State of New York, including several in the jurisdiction of this Court and has its corporate headquarters at 942 South Shady Grove Road, Memphis, TN.

## COLLECTIVE ACTION ALLEGATIONS

8. Pursuant to 29 U.S.C. §207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant in the United States at any time since May 9, 2003 to the entry of judgment in this case (the "Collective Action Period") who were not paid for hours that they actually worked as well as

for overtime compensation at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

9.  This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are approximately 10,000 members of the Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

10. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation.  Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

11. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.  There will be no difficulty in the management of this action as a collective action.

12. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

a. whether the Defendant employed the Collective Action members within the meaning of the FLSA;

b. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

c. whether Defendant failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of C.F.R. § 516.4;

d. whether Defendant failed to pay the Collective Action Members for all hours which they worked and received no compensation as well as overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

e. whether Defendant's violations of the FLSA are willful as that term is used within the context of the FLSA;

f. whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

g. whether Defendant should be enjoined from such violations of the FLSA in the future.

13. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## **CLASS ALLEGATIONS**

14. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

15. Plaintiff brings his PMWA and PWPCL claims on behalf of all persons who were employed by Defendant in the State of Pennsylvania at any time since April 28, 2003, to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the PMWA and PWPCL and have not been paid for hours actually worked as well as overtime wages in violation of the PMWA and PWPCL (the "Class").

16. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are approximately 500 members of the Class during the Class Period.

17. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

18. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

19. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

20. Plaintiff has the same interest in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

21. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    a. whether the Defendant employed the members of the Class within the meaning of the PMWA and PWPCL;

    b. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

    c. whether Defendant failed and/or refused to pay the members of the Class premium pay for hours actually worked as well as premium pay for hours worked in excess of forty hours per workweek within the meaning of the PMWA and PWPCL;

    d. whether the Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interests, costs and disbursements and attorneys' fees; and

    e. whether the Defendant should be enjoined from such violations of the PMWA and PWPCL in the future.

## STATEMENT OF FACTS

22. At all relevant times, Defendant provided express and other transportation and related services to the general public throughout the United States including the State of Pennsylvania.

23. From in or about September 2004 until in or about July 2005, Plaintiff William Woodard was employed by Defendant as a shift manager at one of its facilities in Pocono Summit, PA.

24. Plaintiff's work was performed in the normal course of the Defendant's business and was integrated into the business of the Defendant.

25. The work performed by Plaintiff required little skill and no capital investment. His duties did not include managerial responsibilities or the exercise of independent judgment.

26. Plaintiff often worked in excess of 40 hours a week, yet the Defendant willfully failed to pay Plaintiff any compensation for all of the hours worked by him as well as overtime compensation of one and one-half times his regular hourly rate, in violation of the FLSA and PMWA and PWPCL.

27. Throughout this time and, upon information belief, both before that time (throughout the Class Period) and continuing until today, the Defendant has likewise employed other individuals, like the Plaintiff (the Collective Action Members/the Class) in positions that required little skill and no capital investment and their duties and responsibilities did not include any managerial responsibilities or the exercise of independent judgment. They do not have the authority to hire or fire other employees, and they are not responsible for making hiring and firing recommendations.

28. Such individuals have worked in excess of forty hours a week yet the Defendant has likewise willfully failed to pay them any compensation for all of the hours worked by them as well as overtime compensation of one and one-half times their regular hourly rate in violation of the FLSA and the PMWA and PWPCL. As stated, the exact number of such individuals is

7

presently unknown, but within the sole knowledge of the Defendant and can be ascertained through appropriate discovery.

29. During the course of Plaintiff's own employment, and while Defendant employed Plaintiff and the Collective Action Members/the Class, the Defendant failed to maintain accurate and sufficient time records.

30. Throughout all relevant time periods, upon information and belief, Defendant failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

### FIRST CLAIM FOR RELIEF: FAIR LABOR STANDARDS ACT

31. Plaintiff, on behalf of himself and all Collective Action Members, reallege and incorporate by reference paragraphs 1 through 30 as if they were set forth again herein.

32. At all relevant times, Defendant has been and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

33. At all relevant times, Defendant employed, and/or continues to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

34. Upon information and belief, at all relevant times, Defendant has had annual gross revenues in excess of $500,000, and perhaps as much as $30 Billion in annual gross revenue.

35. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

36. At all relevant times, the Defendant had a policy and practice of refusing to pay overtime compensation to its employees for their hours worked in excess of forty hours per workweek as well as compensation for all of the hours worked by them.

37. As a result of the Defendant's willful failure to compensate its employees, including Plaintiff and the Collective Action members for all of the hours worked by them as well as, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendant has violated and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

38. As a result of the Defendant's failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action members, the Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

39. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

40. Due to the Defendant's FLSA violations, Plaintiff, on behalf of himself and the Collective Action members, are entitled to recover from the Defendant, their unpaid wages as well as overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF:
## PENNSYLVANIA MINIMUM WAGE ACT

41.     Plaintiff, on behalf of himself and the members of the Class, reallege and incorporate by reference paragraphs 1 through 30 as if they were set forth again herein.

42.     At all relevant times, Plaintiff and the members of the Class were employed by the Defendant within the meaning of the PMWA and PWPCL.

43.     Defendant willfully violated Plaintiff's rights and the rights of the members of the Class, by failing to pay them for all of the hours worked by them as well as overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

44.     The Defendant's PMWA and PWPCL violations have caused Plaintiff and the members of the Class, irreparable harm for which there is no adequate remedy at law.

45.     Due to the Defendant's PMWA and PWPCL violations, Plaintiff and the members of the Class are entitled to recover from Defendant their unpaid wages and overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to PMWA and PWPCL.

## PRAYER FOR RELIEF

Wherefore, Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

a.   Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

b.   Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

c.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the PMWA and PWPCL;

d.   An injunction against the Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e.   An award of unpaid wages as well as overtime compensation due under the FLSA and PMWA and PWPCL;

f.   An award of liquidated and/or punitive damages as a result of the Defendant's willful failure to pay for all wages due as well as overtime compensation pursuant to 29 U.S.C. § 216;

g.  An award of liquidated damages as a result of the Defendant's willful failure to pay for all wages due as well as overtime compensation pursuant to PMWA and PCPCL;

h.  An award of prejudgment and postjudgment interest;

i.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
May 9, 2006

By: _____
Fran L. Rudich

Seth R. Lesser (SL 5560)
Fran L. Rudich (FR7577)
LOCKS LAW FIRM, PLLC
110 East 55th Street, 12th Floor
New York, New York 10022
Telephone: (212) 838-3333
Facsimile: (212) 838- 5357

Jeffrey M. Gottlieb (JG 7905)
BERGER & GOTTLIEB
150 East 18th Street, Suite PHR

New York, New York 10003
Telephone (212) 228-9795

**ATTORNEYS FOR PLAINTIFFS**